# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

SONNY LEE TAYLOR                                                            PLAINTIFF

v.                                       2:19-cv-00162-BRW-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Sonny Lee Taylor, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was twenty-nine years old on the alleged disability onset date. (Tr. 19.) He has past relevant work as a stock clerk and assistant therapy aid. (*Id*.)

The ALJ[1] first found Mr. Taylor had not engaged in substantial gainful activity since August 15, 2009 - the alleged onset date. (Tr. 14.) The ALJ next determined that Mr. Taylor has "severe" impairments in the form of anxiety disorder and depressive, bipolar and related disorders. (Tr. 14.) However, the ALJ found he did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15-17.) The ALJ determined Mr. Taylor had the residual functional capacity (RFC) to perform a reduced range of medium work given his physical and mental impairments. (Tr. 17.) Based on this RFC, the ALJ determined Mr. Taylor could no longer perform his past relevant work. So, the

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ALJ called upon on a vocational expert to help determine if other jobs existed that Mr. Taylor could perform despite his impairments. (Tr. 62-64.) Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of stacker, laundry worker, and filter screen cleaner." (Tr. 20.) Accordingly, the ALJ determined Mr. Taylor was not disabled. (*Id.*).

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff says the ALJ failed to properly evaluate his subjective complaints and apply the *Polaski* factors. (Doc. No. 7 at 15-19.) The ALJ analyzed Plaintiff's symptoms in light of Social Security Ruling 16-3p. (Tr. 17-21.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

While not making specific reference to *Polaski* in analyzing Plaintiff's symptoms, the ALJ thoroughly evaluated his subjective complaints. (Tr. 17-19.) The ALJ found many ways in which the Plaintiff's subjective complaints cannot reasonably be accepted as consistent with the objective medical evidence. (*Id*.) First, before July 2017, Plaintiff did not seek mental health treatment for three years. (Tr. 321.) This unexplained gap in treatment shows that Plaintiff's allegation of disabling panic attacks dating back to 2015 are inconsistent with the record. Second, when claimant was regularly seeking treatment from July 2017 forward, Plaintiff's records show that medication and therapy have regularly managed his symptoms and have even produced an outwardly "pleasant" mood from the Plaintiff in numerous evaluations. (Tr. 368, 369, 371, 372.)

Plaintiff also alleges that the ALJ did not consider Misti Lira, who counseled Plaintiff from July 2017 to July 2018. (Doc. No. 7 at 19.) However, the ALJ considered the opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927. (Tr. 18-19.) Furthermore, Ms. Lira's opinion are inconsistent with Plaintiff's normal mental status exams or her own observations that Plaintiff improved substantially. (Tr. 359, 368.)

Plaintiff clearly suffers from some limitation given the combination of his impairments. However, the objective medical records simply fail to support a claim of *complete disability*. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform medium work that requires little social skill. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment.

Plaintiff also argues that ALJ erred in finding that his mental impairments did not meet the Listings 12.04 and 12.06. (Doc. No. 7 at 20.)

Listing 12.04 states:

12.04 *Affective Disorders:* Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged

emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one of the following:

1. Depressive syndrome characterized by at least four of the following:
   a. Anhedonia or pervasive loss of interest in almost all activities; or
   b. Appetite disturbance with change in weight; or
   c. Sleep disturbance; or
   d. Psychomotor agitation or retardation; or
   e. Decreased energy; or
   f. Feelings of guilt or worthlessness; or
   g. Difficulty concentrating or thinking; or
   h. Thoughts of suicide; or
I. Hallucinations, delusions or paranoid thinking; or
2. Manic syndrome characterized by at least three of the following:
   a. Hyperactivity; or
   b. Pressure of speech; or
   c. Flight of ideas; or
   d. Inflated self-esteem; or
   e. Decreased need for sleep; or
   f. Easy distractibility; or
   g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
   h. Hallucinations, delusions or paranoid thinking; or
3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

B. Resulting in at least two of the following:
   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Marked difficulties in maintaining concentration, persistence, or pace; or
   4. Repeated episodes of decompensation, each of extended duration;

OR

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpart P, App. 1.

And a claimant is considered disabled due to an anxiety related disorder if he establishes:

> 12.06 *Anxiety Related Disorders:*  In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
> A. Medically documented findings of at least one of the following:
> 1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
> a. Motor tension;  or
> b. Autonomic hyperactivity;  or
> c. Apprehensive expectation;  or
> d. Vigilance and scanning;
> or
> 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation;  or
> 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week;  or
> 4. Recurrent obsessions or compulsions which are a source of marked distress; or
> 5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
> AND
> B. Resulting in at least two of the following:
> 1. Marked restriction of activities of daily living;  or
> 2. Marked difficulties in maintaining social functioning;  or
> 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
> 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors);
> OR
> C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpart P, App. 1.

A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

The ALJ focused on the "B" and "C" criteria of the listings. (Tr. 15-16.) In considering his abilities, the ALJ concluded Plaintiff had only moderate limitations. (*Id.*) The ALJ found that though Plaintiff's anxiety disorder, depressive and bipolar related orders were "severe" impairments, the "B" criteria was not satisfied because "the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation." (Tr. 16.) The ALJ also found that the "C" criteria were not satisfied because the record showed that treatment with medication and counseling was effective in managing the Plaintiff's symptoms and therefore did not reflect marginal adjustment. (*Id.*) It is well settled that if an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993.)

Plaintiff had the burden of showing his mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings

which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior). By only showing moderate limitations Plaintiff has not met either the "B" or "C" criteria in 12.04 or 12.06. Therefore, Plaintiff has failed to show he meets the requirements of either listing.

Although Plaintiff undoubtedly suffers from some mental limitations, substantial evidence supports the ALJ's determination that he was still capable of performing work-related activities. The ALJ properly focused on Plaintiff's ability to function despite his impairment, rather than focusing on his diagnosis. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Plaintiff has largely submitted subjective complaints of his mental impairments. Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). Plaintiff's mental status exams regularly showed normal memory and good insight, and his treatment records do not demonstrate difficulty in understanding or applying information. Further, the Plaintiff's treatment records show him to be happy, cooperative, and pleasant, while also maintaining good eye contact. (Tr. 352, 359, 362, 365.)

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence.  There is ample evidence on the record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

    IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

    DATED this 27th day of May 2020.

                                                     JOE J. VOLPE  
                                                     UNITED STATES MAGISTRATE JUDGE